**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| LUQUINES LIZELL CROMEDY, ) | |
| ) | No. 8:12-cv-02522-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R") that the court affirm the Commissioner of Social Security's decision to deny claimant application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Claimant Luquines Lizell Cromedy ("Cromedy") has filed objections to the R&R. For the reasons set forth below, the court does not adopt the R&R, reverses the Commissioner's decision, and remands this case for further proceedings.

### I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

**A. Procedural History**

Cromedy filed an application for DIB and SSI on May 14, 2009, alleging that she had been disabled since October 1, 2008. The Social Security Administration ("the Agency") denied Cromedy's application both initially and on reconsideration. Cromedy requested a hearing before an administrative law judge ("ALJ") and ALJ Augustus C. Martin presided over a hearing held on December 13, 2010. In a decision issued on

1

December 30, 2010, the ALJ determined that Cromedy was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review on June 29, 2012.

Cromedy filed this action for judicial review on August 31, 2012. On April 22, 2013, she filed a brief requesting that the Commissioner's decision be vacated and the case remanded to the Agency for further consideration. On June 6, 2013, the Commissioner filed a brief contending that her decision should be upheld because it was supported by substantial evidence. On December 18, 2013, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed. Cromedy objected to the R&R on February 13, 2014 and the Commissioner filed a brief reply to Cromedy's objections on March 3, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Cromedy's Medical History

Because Cromedy's medical history is well-known to the parties, the court dispenses with a lengthy recitation thereof and here recites only a few relevant facts. Cromedy was born on June 22, 1978 and was thirty years old on her alleged disability onset date. Tr. 16. She has a limited education and past relevant work as a cashier and hairdresser. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

     To determine whether Cromedy was disabled from October 1, 2008, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step 1, the ALJ found that Cromedy did not engage in substantial gainful activity during the period at issue.  Tr. 10.  At step two, the ALJ found that Cromedy suffered from the following severe impairments: multiple sclerosis and obesity. Id.  At step three, the ALJ found that Cromedy's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's listing of impairments.  Tr. 11.  Before reaching the fourth step, the ALJ determined that Cromedy

retained the residual functional capacity to perform light work. Id. Specifically, the ALJ found that she could lift and carry up to twenty pounds occasionally and ten pounds frequently, as well as stand and sit for six hours each in an eight-hour work day. Id. The ALJ also stated that Cromedy could "never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, occasionally balance, and she must avoid all exposure to hazards." Id. At the fourth step, the ALJ found that Cromedy was unable to perform any of her past relevant work. Tr. 16. Finally, at the fifth step, the ALJ found that Cromedy could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 16-17.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Cromedy objects to the R&R in a number of ways, and many of her objections echo the allegations of error she alleged in her initial brief. Specifically, she objects: (1) that the magistrate judge improperly re-weighed the evidence in the record; (2) that the ALJ failed to properly evaluate whether her multiple sclerosis met Listing 11.09 in the Agency's Listing of Impairments; (3) that the ALJ improperly weighed her credibility; (4) that the ALJ improperly weighed the opinion of Dr. Neal Maru, one of her treating physicians; and (5) that the ALJ inadequately assessed her residual functional capacity and posed inadequate hypothetical questions to the vocational expert. Because Cromedy's second objection carries the day, the court need not discuss the balance of her objections.

In support of his finding that Cromedy's impairments or combination thereof did not meet or medically equal any of the listings in the Agency's Listing of Impairments, the ALJ wrote only:

> [T]he undersigned has specifically considered whether the claimant's impairment meets Listing 11.09 of the Listing of Impairments. However, the claimant's condition does not result in disorganization of motor function, a visual/mental impairment, or significant, reproducible fatigue, or motor function with substantial muscle weakness on repetitive activity demonstrated on physical examination.

Tr. 11. This discussion marshals no supporting evidence and does not point the reader to any supporting documentation in the record. While an ALJ need not arrange his opinion in any particular format, this limited discussion leaves the court guessing as to how the ALJ arrived at his finding that Cromedy's multiple sclerosis did not meet Listing 11.09.

The court cannot find that the ALJ's determination was supported by substantial evidence. The case must be remanded.[1]

On remand, the ALJ should discuss the evidence that supports his conclusion that Cromedy's symptoms do not amount to the functional limitations required by Listing 11.09. The ALJ should also review the evidence in the record that tends to show that Cromedy's noncompliance with medical treatment resulted from her inability to pay for that treatment, taking care not to penalize her for failing to seek treatment that she cannot afford. Finally, the ALJ should address the additional allegations of error that Cromedy raises.

## IV.  CONCLUSION

For the reasons set forth above, the court **DOES NOT ADOPT** the magistrate judge's report & recommendation, ECF No. 24, **REVERSES** the Commissioner's

---

[1] Further complicating the matter is the fact that the ALJ's credibility analysis appears to be flawed. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain and other symptoms. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain or other symptoms alleged by the claimant. Id.; SSR 96-7p, 1996 WL 374186 (July 2, 1996). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. A claimant "may not be penalized for failing to seek treatment she cannot afford." Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). As a result, an ALJ should not discount a claimant's subjective complaints on the basis of her failure to seek medical treatment when she has asserted – and the record does not contradict – that she could not afford such treatment. Id.

The ALJ's assessment of Cromedy's credibility dwells on her noncompliance with medical treatment. See, e.g., Tr. 12-13. It does not, however, analyze the significant evidence indicating that Cromedy's noncompliance with medical treatment was based upon her inability to pay. Tr. 312, 380, 383-84, 388. Without any explanation regarding how he considered these portions of the record, it appears that the ALJ penalized Cromedy for failing to seek medical treatment when her failure to do so was based upon her financial constraints. Because the ALJ's adverse credibility finding led him to discount Cromedy's subjective complaints, any error in that credibility finding may have infected his analysis of whether Cromedy's symptoms met or equaled Listing 11.09.

decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

    **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 17, 2014**
**Charleston, South Carolina**

7