

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| LUQUINES LIZELL CROMEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 8:12-cv-02522-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,[1] | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on a motion for attorney's fees filed by claimant Luquines Lizell Cromedy ("Cromedy") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Cromedy requests $8,690.45 in attorney's fees on the ground that she is a prevailing party under the EAJA. ECF No. 32 at 1. Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, (the "Commissioner") argues that Cromedy is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was substantially justified and denies Cromedy's motion for attorney's fees.

## I. BACKGROUND

Cromedy filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 14, 2009, alleging disability beginning on October 1, 2008. The Social Security Administration denied Cromedy's claim initially

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

and on reconsideration. Cromedy requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on December 13, 2010. The ALJ issued his decision on December 30, 2010, finding that Cromedy was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Cromedy filed the instant action on August 31, 2012. The magistrate judge issued a Report and Recommendation ("R&R") on January 31, 2014, recommending that the Commissioner's decision be affirmed. Cromedy objected to the R&R on February 13, 2014, and the Commissioner filed a brief reply to Cromedy's objections on March 3, 2014. Upon review, this court rejected the magistrate judge's R&R on March 17, 2014, reversed the Commissioner's decision, and remanded the case for further proceedings.

## II. DISCUSSION

### A. Prevailing Party

Under the EAJA, a court must award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Cromedy's case to the Commissioner for

administrative action pursuant to 42 U.S.C. § 405(g), Cromedy is considered the "prevailing party" under the EAJA.[2] See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

**B.     Substantially Justified**

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

The government makes two arguments in opposition to Cromedy's fee motion: (1) that the government's position was reasonable as evidenced, at least in part, by the fact that the magistrate judge found in the Commissioner's favor in all respects and

---

[2] Neither party contests that Cromedy is the prevailing party.

3

recommended affirming the Commissioner's decision; and (2) that Cromedy could not have met a Listing and therefore obtained a remand on mere technicalities.

### 1. Magistrate Judge's R&R

First, the Commissioner supports her contention that she was substantially justified based "at least in part, by the fact that Magistrate Judge Austin found in the Commissioner's favor on the Listings and credibility issues, and recommended affirming the Commissioner's decision." ECF No. 33 at 4 (citation omitted). In opposition, Cromedy argues that the Commissioner's objection to awarding attorney's fees based on a favorable R&R is improper. ECF No. 34 at 2.

The court is unaware of any precedent that a favorable R&R in and of itself is sufficient to satisfy the "substantial justification" standard for an EAJA fee motion. Certainly, courts have found that a favorable R&R may weigh in favor of finding that the government was substantially justified in taking a certain position. See McKoy v. Colvin, C/A No. 4:12-1663-CMC-TER, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (finding that an R&R which affirmed the Commissioner's position was one factor—but not the determinative factor—to suggest that the Commissioner's position was substantially justified). However, the magistrate judge's recommendation that the court affirm the Commissioner's decision is not determinative of whether the Commissioner's position was substantially justified. Myers v. Barnhart, 518 F. Supp. 2d 653, 656 (D.S.C. 2006) (citation omitted) (finding "the fact that this court remanded the case to the Commissioner does not mean that Plaintiff is entitled to attorney's fees"). Therefore, in the instant action, the magistrate judge's recommendation to affirm the Commissioner's decision to deny benefits is simply one factor that the court considers.

### 2. Listing Analysis

In his Step Three analysis, the ALJ found:

> [T]he undersigned has specifically considered whether the claimant's impairment meets Listing 11.09 of the Listing of Impairments. However, the claimant's condition does not result in disorganization of motor function, a visual/mental impairment, or significant, reproducible fatigue, or motor function with substantial muscle weakness on repetitive activity demonstrated on physical examination.

Tr. 11. Thereafter, the magistrate judge affirmed the ALJ's decision, stating that the ALJ adequately explained his reasoning for finding Cromedy did not meeting Listing 11.09, ECF No. 24 at 25; however, on March 17, 2014, this court rejected the R&R, reversed the Commissioner's decision, and remanded the case for further proceedings. ECF No. 29 at 6–7. Specifically, the court remanded the case based on its inability to determine whether the ALJ's Listing determination was supported by substantial evidence. Id. at 5. The court stated that the ALJ's limited discussion leaves the court guessing as to how the ALJ arrived at his finding that Cromedy's multiple sclerosis did not meeting Listing 11.09. Id. at 6. Therefore, the court ordered, "On remand, the ALJ should discuss the evidence that supports his conclusion that Cromedy's symptoms do not amount to the functional limitations required by Listing 11.09." Id. In other words, the court reversed the denial of benefits and remanded for further reconsideration due to an articulation error, not because the Commissioner's position was necessarily wrong on the merits. Id. at 5.

Cromedy argues that the Commissioner's position in this action was unreasonable because the Commissioner failed to adhere to the administration's own rules and regulations and Fourth Circuit precedent regarding the proper method by which an ALJ is to conduct a listing analysis, in this particular case, Listing 11.09. Pl.'s Mem. in Supp. of

5

Mot. 1–2. In other words, Cromedy contends that the government's position was not substantially justified because the ALJ did not adequately explain his decision concerning Step Three—whether Cromedy has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("The Listings"). The court disagrees.

It is well established that "[i]f the government's position resulted from its failure to perform certain analyses required by the law and its regulations, the position was not substantially justified." Myers, 518 F. Supp. 2d at 656 (citation omitted). However, in the instant case, the ALJ did not fail to perform Step Three (one of the required steps in the five-part sequential analysis). Instead, the ALJ performed the appropriate analysis but failed to provide supporting evidence or point to any supporting documentation in the record. Therefore, the ALJ's lack of discussion in his Step Three analysis does not indicate the government's position was not substantially justified. See id. at 657 (stating the ALJ's failure to adequately explain his conclusions at steps three and five do not indicate the government's position was not substantially justified); see also Anderson v. Comm'r of Soc. Sec., 198 F.3d 244, 1999 WL 1045072, at *6 (6th Cir. 1999) (unpublished table decision) (affirming the district court's denial of attorney's fees, finding the district court properly reasoned that the ALJ's lack of explicit articulation did not demonstrate that there was no reasonable basis for the ALJ's decision to deny benefits).

Taking into account the ALJ's decision as a whole and the totality of the circumstances, the court finds that even though the Commissioner's position was not explained as comprehensively as this court requires, the Commissioner had "a reasonable

basis in law and fact" such that "a reasonable person could think it correct." See Underwood, 487 U.S. at 566 n.2. Thus, the court finds that the Commissioner's position was substantially justified.

### III. CONCLUSION

For these reasons, the court concludes that the Commissioner has met her burden of showing that her position was substantially justified. Therefore, the court **DENIES** Cromedy's motion for attorney's fees.

**AND IT IS SO ORDERED**.

_（signature）_

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 31, 2017**
**Charleston, South Carolina**